**IT IS ORDERED as set forth below:**

**Date: August 10, 2023**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-53775-JWC |
| DUNWOODY LABS, INC. and GEZIM AGOLLI, | CHAPTER 11 (Jointly Administered) |
| Debtors. | |
| DC MEDICAL MARKETING, LLC and LIBERTY WELLNESS SERVICES, LLC, | ADVERSARY PROCEEDING NO. 22-5132-JWC |
| Plaintiffs, | |
| v. | |
| GEZIM AGOLLI, | |
| Defendant. | |

## ORDER

Before the Court is the Debtor's Motion to Dismiss Second Amended Complaint

1

(Doc. No. 25) (the "Motion") filed March 17, 2023, by Defendant Gezim Agolli. Agolli requests that the Seconded Amended Complaint filed on March 3, 2023, by the Plaintiffs DC Medical Marketing, LLC and Liberty Wellness Services, LLC be dismissed in its entirety with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6), made applicable through Bankruptcy Rule 7012.[1] The Second Amended Complaint asserts three nondischargeability counts: Count I—False Pretenses, False Representation, and Actual Fraud under § 523(a)(2)(A); Count II—Materially False Statement in Writing Concerning an Insider's Financial Condition under § 523(a)(2)(B); and Count III—Willful and Malicious Injury under § 523(a)(6).

The Court previously dismissed without prejudice counts under § 523(a)(2)(A) and (B) asserted by the Plaintiffs in their First Amended Complaint (Doc. No. 16). The Court also previously denied Agolli's motion to dismiss the Plaintiffs' claims under § 523(a)(6) as asserted in the First Amended Complaint. The Second Amended Complaint adds numerous factual allegations to address issues raised by the Court in its previous ruling. The Second Amended Complaint also omits several allegations included in the First Amended Complaint, which Agolli asserts requires dismissal of the § 523(a)(6) claim even though the Court previously ruled that the First Amended Complaint stated a claim under § 523(a)(6). After careful review of the Second Amended Complaint, the Motion, and the briefs filed by the parties, the Court will

---

[1] All citations or references to a Federal Rule are to the Federal Rules of Civil Procedure. All citations or references to a Bankruptcy Rule are to the Federal Rules of Bankruptcy Procedure. All citations or references to a statute are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise specified.

2

deny the Motion as to Counts I and III and will grant the Motion as to Count II for the reasons discussed below.

### A. Standard of Review

Dismissal under Federal Rule 12(b)(6) is appropriate if the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule normally is construed with Federal Rule 8(a), which provides the "normal" pleading standard that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

Rule 9(b) provides for a "heightened" pleading standard in the case of fraud. Allegations concerning fraud must be pled with particularity, but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what

3

statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). The Eleventh Circuit, however, has "acknowledged that 'alternative means are also available to satisfy the rule' in substantiating fraud allegations." *Tello,* 494 F.3d at 972-73.

The Court restricts its inquiry to the legal feasibility of the allegations in the complaint and whether they set forth facts as opposed to labels or mere conclusory statements when considering a motion to dismiss. *See Howell v. U.S. Foods (In re Bilbo)*, 2014 WL 689097, at *3 (Bankr. N.D. Ga. Feb. 5, 2014) (citing *Iqbal*, 556 U.S. at 678). After determining which allegations in a complaint are well-pled facts and which are legal conclusions, a court must accept all well-pled facts as true and must construe those facts and the complaint in the light most favorable to the plaintiff. *Mink v. Smith & Nephew, Inc.*, 860 F.3d 1319, 1324 (11th Cir. 2017); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017). With these principles in mind, the Court addresses each count of the Second Amended Complaint.

### B. Count I States a Claim Under § 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

4

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To except a debt from discharge under this section, a plaintiff must prove the following elements: "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996); *see also Washington v. Robinson-Vinegar (In re Robinson-Vinegar)*, 561 B.R. 562, 566 (Bankr. N.D. Ga. 2016) (Baisier, J.); *In re Presley*, 490 B.R. 633, 638–39 (Bankr. N.D. Ga. 2013) (Diehl, J.). As decisions in this district have noted,

> This exception to dischargeability addresses deceit or artifice rooted "in a specific intent to mislead, trick, or cheat another person or entity," and the intent to deceive may be shown using circumstantial evidence in relation to the totality of a situation. Beyond affirmative misrepresentation, fraud may consist in intentional silence or concealment of a material fact.

*In re Robinson-Vinegar*, 561 B.R. at 566. "[A] failure to fulfill a promise is not sufficient." *Blosser v. Boggus (In re Boggus)*, 479 B.R. 147, 155 (Bankr. N.D. Ga. 2012) (Brizendine, J.); *see also Invest Atlanta Regional Center, LLC v. Smith (In re Smith)*, 578 B.R. 866, 876 (Bankr. N.D. Ga. 2017) (Baisier, J.). The debtor must have entered the agreement either knowing the debtor could not, or did not intend, to perform. *Boggus*, 479 B.R. at 155. Claims under § 523(a)(2)(A) are not limited to affirmative false statements. False pretenses "may be implied from conduct or may consist of

5

concealment or non-disclosure where there is a duty to speak." *Old Republic Nat'l Title Ins. Co. v. Presley (In re Presley),* 490 B.R. 633 (Bankr. N.D. Ga. 2013) (Diehl, J.); *see also In re Robinson-Vinegar*, 561 B.R. at 566.

The Court previously dismissed the First Amended Complaint because it found allegations regarding fraud too vague and conclusory to satisfy the requirements of Rule 9. Specifically, the First Amended Complaint failed to allege with particularity any specific misrepresentations made by Agolli, and allegations regarding fraudulent inducement were conclusory and not supported by sufficient factual allegations. The Second Amended Complaint similarly contains few allegations about any specific false statements by Agolli himself. Most of the alleged false statements came from allegedly false monthly reports or were made by employees of Dunwoody Labs. However, the Second Amended Complaint alleges these various false statements were made at the direction of Agolli, and the Second Amended Complaint contains more factual allegations supporting the assertion that Agolli never intended for Dunwoody Labs to honor the agreement. *See, e.g, GIW Indus., Inc. v. JerPeg Contracting, Inc.*, 530 F.Supp.2d 1323, 1339 (S.D. Ga. 2008) ("A corporate officer 'who takes part in the commission of a tort by the corporation is personally liable therefor, but an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein.'" (quoting *Chemtall, Inc. v. Citi–Chem, Inc.,* 992 F.Supp. 1390, 1402 (S.D. Ga. 1998) (quoting *Weir v. McGill,* 203 Ga. App. 431, 432, 417 S.E.2d 57, 59 (1992)))). Although it is a close call,

6

the Court finds the Second Amended Complaint adequately pleads a claim for either fraudulent inducement or false pretenses and therefore states a claim under § 523(a)(2)(A).

As alleged in the Second Amended Complaint, Agolli not only induced the Plaintiffs into an agreement that he <u>never</u> intended to honor and then strung the Plaintiffs along with false monthly testing reports, but he was the architect of the Plaintiffs' business model, which was designed to enrich Agolli and his business at the Plaintiffs' expense. Although the Court appreciates Agolli's arguments that some of the allegations involve mere puffery, and in some instances the Second Amended Complaint does little more than allege the same underlying facts in more colorful language, the Court nonetheless finds the Second Amended Complaint alleges with sufficient particularity the facts and circumstances giving rise to a claim that Agolli never intended for Dunwoody Labs to honor the agreement and/or that he intended to mislead, trick, or cheat the Plaintiffs through Dunwoody Labs. The Court also appreciates the arguments that the Plaintiffs' principal may not be the naïve victim painted by the Second Amended Complaint, and that some allegations may not hold up under scrutiny, but those are issues of fact not appropriately resolved on a 12(b)(6) motion. The Court must accept the factual allegations as true and construe them in the light most favorable to the Plaintiffs. Accordingly, the Motion will be denied as to Count I.

### C. <u>Count II Fails to State a Claim under § 523(a)(2)(B)</u>

Section 523(a)(2)(B) provides an exception to discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent

7

obtained by…

> (B) use of a statement in writing--
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive."

To properly plead a claim for relief under this section, the plaintiff must show:

> [T]he debtor owes the creditor a debt for money, property, or the extension of credit that was obtained by the debtor through the use of: (1) a written statement; (2) the written statement was materially false; (3) the written statement concerns the debtor's [or an insider's] financial condition; (4) the plaintiff reasonably relied on the statement; and (5) the debtor published the writing with the intent to deceive the plaintiff.

*Eden v. Eden (In re Eden)*, 584 B.R. 795, 808 (Bankr. N.D. Ga. 2018) (Diehl, J.) (citing *Hurston v. Anzo (In re Anzo)*, 547 B.R. 454, 465 (Bankr. N.D. Ga. 2016) (Sacca, J.)).

The Court agrees with Agolli that the Second Amended Complaint fails to adequately plead a claim under § 523(a)(2)(B). Missing is any allegation identifying any written document concerning either Agolli's or Dunwoody Labs' financial condition. The only alleged false statements in writing supporting the Plaintiffs' § 523(a)(2)(B) claims are (1) monthly reports beginning in December 2016 "indicating the number of tests processed the prior month," and (2) "statements by email regarding Dunwoody Labs' financial condition related to the accounting of the amounts owed to DC Medical." Second Am. Compl. ¶¶ 20 and 47. Assuming the monthly reports are pled with sufficient particularly (a questionable conclusion), the Court does not understand how these testing reports have "a direct relation to or

8

impact on [Dunwoody Labs'] overall financial status." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018). At best, they indirectly relate to amounts due to the Plaintiffs on a monthly basis, not Dunwoody Labs' overall financial condition. As for emails, the Court discerns no allegations identifying any emails directly relating to or impacting overall financial condition. Only three emails from Agolli or Dunwoody Labs are identified in the Second Amended Complaint. The first is an email from Agolli dated October 16, 2016, discussing high level terms of the deal structure but includes no apparent statements related to Agolli's or Dunwoody Labs' financial condition. Second Am. Compl. ¶¶ 14-16. The second is an email dated June 9, 2017, from Robert Stockwell in which he stated that insurance billing would be accelerated and that Liberty owed money to Dunwoody Labs. *Id.* at ¶ 24. The Plaintiffs assert the statement about Liberty owing money to Dunwoody Labs was false, but, again, the Court fails to see how such a statement "has a direct relation to or impact on the debtor's overall financial status." *Appling*, 138 S. Ct. at 1761 (2018). Although the Supreme Court in *Appling* applied an expansive interpretation of "respecting the debtor's or an insider's financial condition," and found a statement about a single asset can be "respecting the debtor's or an insider's financial condition," the Court also found that "to establish the requisite materiality and reliance, a creditor opposing discharge must explain why it viewed the debtor's false representation as relevant to the decision to extend money, property, services, or credit. If a given statement did not actually serve as evidence of ability to pay, the creditor's explanation will not suffice to bar discharge." *Id.* at 1761. The Second

9

Amended Complaint fails to draw any connection between the alleged emails and Dunwoody Labs' ability to pay the Plaintiffs or Dunwoody Labs' overall financial condition. The Plaintiffs' claims are that Agolli, through Dunwoody Labs, made up excuses to avoid paying the Plaintiffs amounts owed under the contract, not to conceal the true nature of Dunwoody Labs' financial condition. The fact that one email allegedly contained a false statement of amounts owed between the parties on a running account does not, on its face, implicate Dunwoody Labs' overall financial condition or ability to pay, and neither the Second Amended Complaint nor the Plaintiffs' brief explain the connection.

The third email was from Agolli on July 31, 2017, in which Agolli stated Dunwoody Labs could not conduct an account reconciliation. Second Am. Compl. ¶ 25. This email not only does not concern Agolli's or Dunwoody Labs' financial condition, but it also could not have been relied on by the Plaintiffs because they sent no tests to Dunwoody Labs after July of 2017. *Id.* at ¶ 26.

The Second Amended Complaint fails to identify with any particularity any written statements concerning the financial condition of Agolli or Dunwoody Labs that support a claim under § 523(a)(2)(B). The Motion will be granted as to Count II.

D. **Count III States a Claim Under § 523(a)(6)**

The Court need not re-examine this count in detail. The Court previously ruled that the First Amended Complaint sufficiently pled facts to state a claim for willful and malicious injury. Agolli's only argument that the Second Amended Complaint now fails to state a claim is the omission of allegations about $200,000 of funds placed in escrow. Although the Court's previous ruling included the $200,000 escrow funds

10

in a list of facts relevant to its willful and malicious injury analysis, that fact was not essential to the Court's ruling, and, if anything, the Second Amended Complaint does a better job of pleading facts supporting a willful and malicious injury claim for similar reasons as discussed in the Court's previous ruling. The Motion will be denied as to Count III.

### E. Conclusion

For the foregoing reasons

IT IS ORDERED that the Motion is GRANTED IN PART AND DENIED IN PART:

- The Motion is DENIED as to Counts I and III.

- The Motion is GRANTED as to Count II, which is dismissed with prejudice.

The Clerk is directed to serve a copy of this Order on all counsel of record in this adversary proceeding.

END OF DOCUMENT